IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE T. HILL, ALW972, | ) | |
| Plaintiff(s), | ) | No. C 15-1732 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| OAKLAND POLICE DEP'T, | ) | |
| Defendant(s). | ) | |

Plaintiff, a prisoner at the Alameda County Jail in Dublin, California, has filed a pro se complaint under 42 U.S.C. § 1983 seeking relief for allegedly unlawful deprivation of property seized during the course of his arrest. Plaintiff specifically alleges that although he was given notice of forfeiture proceedings, not all of his property is accounted for.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
2  essential elements: (1) that a right secured by the Constitution or laws of the
3  United States was violated, and (2) that the alleged violation was committed by a
4  person acting under the color of state law. <u>West v. Atkins</u>, 487 US 42, 48 (1988).

5  B.  <u>Legal Claims</u>

6  It is well established that the negligent or intentional deprivation of
7  property by a state actor fails to state a due process claim under § 1983 if the
8  state
9  has an adequate post-deprivation remedy. <u>See</u> <u>Zinermon v. Burch</u>, 494 U.S. 113,
10  127-30 (1990) (where state cannot foresee deprivation, and therefore cannot
11  provide meaningful hearing prior to it, statutory provision for post-deprivation
12  hearing or common law tort remedy for wrongful deprivation satisfies due
13  process). California law provides such an adequate post-deprivation remedy in
14  the forfeiture proceedings for which plaintiff received notice and in its
15  Government Code. <u>Accord</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir.
16  1994) (California law provides adequate post-deprivation remedy for
17  deprivations of property) (citing Cal. Gov't Code §§ 810-895). Plaintiff's
18  remedy lies there and not in a § 1983 action in federal court.

## CONCLUSION

20  For the foregoing reasons, the complaint is DISMISSED under the
21  authority of 28 U.S.C. § 1915A(b)
22  The clerk shall enter judgment in favor of defendant and close the file.
23  SO ORDERED.
24  DATED:  May 14, 2015
              CHARLES R. BREYER
25            United States District Judge

2

G:\PRO-SE\CRB\CR.15\Hill, W.15-1732.dismissal.wpd